104

# CIRCUIT COURT OF FAIRFAX COUNTY

Nicholas Grimaldi

v.

James E. Burgess et al.

January 14, 2009

Case No. CL 2006-12055

BY JUDGE GAYLORD L. FINCH

*Background*

Trial is set for the case on July 13, 2009. Virginia Code § 8.01-20.1 requires a Plaintiff in a medical malpractice case to receive a certifying opinion from a medical expert that the Defendant violated the applicable standard of care. The Plaintiff received a certifying opinion in this case. At issue in this case is, when a certifying expert testifies at trial as a designated expert, is the information he provides in his certifying opinion discoverable to the defense? The Defendant argues this information is discoverable because once the certifying expert becomes a designated expert, the protections of § 8.01-20.1 no longer apply. The Plaintiff argues the protections still apply even if the certifying expert becomes a designated expert. The other issue is whether or not the notes of Carol Grimaldi are discoverable. Defendant argues Ms. Grimaldi was a witness to events involving the Defendant and, if she is going to testify to those events then the prior recordation of those events should be discoverable. The Plaintiff argues that her notes were made in preparation for trial and are covered by the attorney-client work product doctrine. The Plaintiff submitted the certifying documents of Dr. Riebel and the notes of Carol Grimaldi to this Court for *in camera* review.

*Opinion*

After reviewing the documents in this case and after reviewing § 8.01-20.1 and considering the intent of the General Assembly in writing the statute, this Court makes two findings:

First, the notes of Carol Grimaldi are not discoverable by the defense as they are covered by the attorney-client work product doctrine;

Second, the certifying opinion of Dr. Riebel and any documents relating to that certifying opinion are also not discoverable to the defense, including Dr. Riebel's status as the certifying expert. This information is to remain confidential, and Dr. Riebel's status as the certifying expert is not to be referred to in any way at the trial.

*Carol Grimaldi's Notes*

With respect to the notes of Carol Grimaldi, Plaintiff's counsel has represented to the Court that the documents were prepared in anticipation and in preparation for litigation in this case. The Defendant's counsel argues that, since Ms. Grimaldi will be testifying as to events that she witnessed involving the Defendant, her prior recordation of said events should be discoverable.

However, there is no evidence that these documents were recorded contemporaneously as the events occurred. After reviewing the notes *in camera*, the Court observed that some of the notes had multiple dates, e.g. July 1 or July 2, suggesting the author could not remember the exact date of the events and that the notes were written at a later time. There is no evidence to suggest the notes were not prepared in anticipation of litigation in this matter. Additionally, material such as "interviews, statements, memoranda, correspondence, briefs, mental impressions, [and] personal beliefs" which are prepared in anticipation of trial may be free from discovery. *Commonwealth v. Edwards*, 235 Va. 499, 370 S.E.2d 296 (1988) (citing *Rakes v. Fulcher*, 210 Va. 542, 172 S.E.2d 751 (1970)).

Upon considering the representation of Plaintiff's counsel and after reviewing Ms. Grimaldi's notes *in camera*, this Court holds they are protected by the attorney-client work product doctrine and Ms. Grimaldi may testify at trial.

*Dr. Riebel's Certifying Opinion*

The next issue is the certifying opinion and associated documents of Dr. Riebel. This is a situation where the Plaintiff is using the certifying expert as its designated expert, expected to testify at trial for the Plaintiff.

The Court, in deciding this matter, believes it is best to look to the applicable statute and follow the clear language of that statute where possible and to follow the intent of the General Assembly in interpreting the statute when necessary.

The relevant statute is Va. Code § 8.01-20.1. The relevant portion of the statute states as follows:

> Every motion for judgment, counterclaim, or third-party claim in a medical malpractice action, at the time the plaintiff requests service of process upon a defendant, or requests a defendant to accept service of process, shall be deemed a certification that the plaintiff has obtained from an expert witness whom the plaintiff reasonably believes would qualify as an expert witness pursuant to subsection A of § 8.01-581.20 a written opinion signed by the expert witness that, based upon a reasonable understanding of the facts, the defendant for whom service of process has been requested deviated from the applicable standard of care and the deviation was a proximate cause of the injuries claimed. This certification is not necessary if the plaintiff, in good faith, alleges a medical malpractice action that asserts a theory of liability where expert testimony is unnecessary because the alleged act of negligence clearly lies within the range of the jury's common knowledge and experience.
>
> The certifying expert shall not be required to be an expert witness expected to testify at trial nor shall any defendant be entitled to discover the identity or qualifications of the certifying expert or the nature of the certifying expert's opinions. Should the certifying expert be identified as an expert expected to testify at trial, the opinions and bases therefor shall be discoverable pursuant to Rule 4:1 of the Rules of Supreme Court of Virginia with the exception of the expert's status as a certifying expert.

In looking to this statute the Court finds that the statute, in its clear language, states that when a certifying expert is identified as an expert to testify at trial, that expert's opinion becomes discoverable under Rule 4:1 of

the Rules of the Supreme Court of Virginia. The only exception is that the expert's status as the certifying expert is not covered by Rule 4:1.

This Court reads the statute as saying, once the expert is identified to testify at trial, his certifying opinions and the bases for those opinions are still not discoverable and remain confidential. The language in the last sentence of the second paragraph of the statute indicates that only once the certifying expert becomes a designated expert are his opinions and the bases for those opinions then discoverable under Rule 4:1. The end of the last sentence of the second paragraph serves as a qualifier. It states that the expert's status as a certifying expert is to remain confidential and is not subject to discovery under Rule 4:1.

The Court reads "expert's status as the certifying expert" to mean his identity and the opinion that he formed as the certifying expert are to remain confidential and are not discoverable. The clear language and intent of the statute indicate that the General Assembly intended a certifying expert's identity and certifying opinion to be confidential. The language and intent of the statute clearly indicate, in the opinion of this Court, that the protection remains even if the certifying expert becomes the designated expert.

This Court also considers the intent of the General Assembly in writing this statute. The General Assembly, by adopting § 8.01-20.1 added additional requirements for plaintiffs seeking to file a medical malpractice claim. The General Assembly made it more difficult to pursue such a claim and required plaintiffs to show a defendant had violated an applicable standard of care. This is done through a certifying opinion.

While this Court may be troubled that the certifying expert can become the designated expert and his earlier opinion, report, and other documentation remain non-discoverable, it is not the role of this Court to substitute its opinion for that of the General Assembly. The Court believes the language of the statute speaks clearly as to its intent. That intent is to keep the identity of the certifying expert and his or her opinion confidential.

It is clear that it was the intent of the General Assembly to protect the identity of the certifying expert. It was also the clear intent of the General Assembly to protect the opinions and the bases for those opinions.

As a result, this Court holds the certifying opinion of Dr. Riebel and the associated documents are not discoverable to the defense. Dr. Riebel's identity as the certifying expert is to be protected in accordance with § 8.01-20.1, and all necessary and appropriate steps to protect Dr. Riebel's identity as the certifying expert at trial shall be taken.